IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | 4:08CV3236 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| PRANTZ, Nebraska State Trooper, | ) | |
| and JONES, Nebraska State Trooper, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on November 24, 2008.[1] (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.     SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on November 24, 2008, against two State Troopers, Jones and Prantz. (Filing No. 1 at CM/ECF p. 1.) Plaintiff's allegations are almost completely illegible and are extremely difficult to decipher. However, Plaintiff generally alleges that his arrest was the "result of [an] illegal search." (*Id*. at CM/ECF p. 4.) Plaintiff asks the court to "declare [Plaintiff's] arrest unconstitutional," and to enjoin Defendants, "their successors in office, and all other persons acting in active concert and participation with them from . . . prosecuting

---

[1]This is Plaintiff's second filed case regarding this incident. (*See* Case No. 8:08CV307.) The court dismissed Plaintiff's prior case because Plaintiff failed to clearly allege whether he was asserting his rights or those of a third party. (Case No. 8:08CV307, Filing Nos. 8 and 9.) That case is now pending on appeal. (Case No. 8:08CV307, Filing Nos. 13 and 14.)

Plaintiff . . . ." (*Id.* at CM/ECF pp. 3-4.) Plaintiff also seeks "monetary damages plus whatever else [the] court deems just." (*Id.* at CM/ECF p. 3.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION OF CLAIMS

Plaintiff asks the court to declare his arrest unconstitutional and enjoin the pending criminal prosecution against him. (Filing No. 1 at CM/ECF pp. 3-4.) However, this claim is barred under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 59 (1971), which provides that federal courts should abstain from hearing cases when there is an ongoing state judicial proceeding that implicates important state interests, and when that proceeding affords an adequate opportunity to raise the federal questions presented. *See Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005); *see also Herrera v. Safir,* 17 F. App'x 41, 42 (2d Cir. 2001) (holding that the plaintiff's claim to enjoin his criminal prosecution was barred by *Younger* because his state court criminal trial was pending, providing the opportunity to raise his constitutional claims in that proceeding where there was no showing of prosecutorial or judicial bad faith).

Plaintiff's Complaint clearly alleges that there is a pending state court criminal prosecution against Plaintiff. In addition, Plaintiff has not alleged that the state court proceeding will not provide him with an adequate opportunity to raise his federal constitutional claims. Further, Plaintiff has not alleged any prosecutorial or judicial bad faith, nor is any bad faith apparent from the record. As such, this court will abstain from hearing Plaintiff's claims and dismiss Plaintiff's Complaint without prejudice to reassertion in the proper forum.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice to reassertion in the proper forum.

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

January 7, 2009.                    BY THE COURT:

                                                *s/Richard G. Kopf*
                                                United States District Judge